# EXHIBIT A

Albany County Clerk
Document Number 11335512
Rcvd 02/14/2013 10:11:09 AM

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ALBANY

JUDY BALABAN-KRAUSS, ROBERT CALLAGHAN,
RONALD FIELD, and LAURA DONALDSON,

                              Plaintiffs,

                                                    SUMMONS
-against-                                                 Index No. 906-13
                                                    Date Purchased: 2/14/13

EXECUTIVE RISK INDEMNITY, INC.,

                              Defendant.

TO THE ABOVE-NAMED DEFENDANT

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve upon the attorney for the plaintiffs, at the address listed below, a copy of your Answer within twenty days after service of this summons, exclusive of the day of service, or thirty days after the service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      Plaintiffs designate Albany County as the place of trial as both actions as to which plaintiffs seek defense expenses are venued in Albany County.

Dated: February 13, 2013

                                                David R. Sheridan
                                                Attorney for Plaintiffs Judy Balaban-
                                                Krauss, Robert Callaghan, Ronald
                                                Field, and Laura Donaldson
                                                33 Grantwood Road
                                                Delmar, NY 12054
                                                (518) 475-0154
                                                david@davidsheridan.com

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ALBANY

JUDY BALABAN-KRAUSS, ROBERT CALLAGHAN,
RONALD FIELD, and LAURA DONALDSON,

                    Plaintiffs,

                                      COMPLAINT

-against-

EXECUTIVE RISK INDEMNITY, INC.,

                    Defendant.

Plaintiffs, for their Complaint, allege:

1. The Health Care Providers Self-Insurance Trust ["HCPSIT"] was organized under the laws of the State of New York for the purpose of, among other things, meeting and fulfilling employers' obligations and liabilities under Article 2 of the Workers' Compensation Law of New York State.

2. There is pending in New York State Supreme Court, Albany County, an action entitled New York State Workers' Compensation Board, et al., against Phyllis Wang, et al, Index Number 4616-11 ["the WCB action"].

3. Copies of the complaint and amended complaint in the WCB action are attached as Exhibits "1" and "2", together with Exhibit "J" to the amended complaint in the WCB action. Exhibit "J" sets out in some detail the alleged facts claimed to underlie the allegations of the WCB in the WCB action.

4. In the WCB action Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson are alleged to have been trustees of HCPSIT.

5. In the WCB action, Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and

Albany County Clerk
Document Number 11335512
Rcvd 02/14/2013 10:11:09 AM

Laura Donaldson are sued because, it is alleged, they were trustees of HCPSIT.

6.  There is pending in New York State Supreme Court, Albany County, an action entitled Healthcare Providers Self Insurance Trust, et al. v. Program Risk Management, Inc., et al., Index No. 3965-11 ["the Members' action"]. A copy of the amended complaint is attached as Exhibit "3."

7.  In the Members' action, Ronald Field is alleged to have been a trustee of HCPSIT.

8.  In the Members action, Ronald Field is sued because, it is alleged, he was a trustee of HCPSIT.

9.  Executive Risk Indemnity, Inc., ["Executive Risk"] is an insurance company authorized to do business in New York State and to write insurance pursuant to, among others, section 1113(a)(13) of the Insurance Law of the State of New York.

10. Executive Risk issued to the New York State Association of Health Care Providers, Inc., a policy entitled "Directors, Officers and Trustees Liability Insurance Including Healthcare Organization Reimbursement Policy," bearing Policy Number 6802-9932 ["the Policy"]. A copy of the Policy is attached as Exhibit "4."

11. In the Policy, Executive Risk promised, among other things, to "pay on behalf of the Insured Persons Loss from Claims first made against them during the Policy Period except for Loss which the Insured Entity pays to or on behalf of the Insured Persons as indemnification."

12. Upon information and belief, on July 21, 2011, Executive Risk received notice of the WCB action.

13. Upon information and belief, On August 12, 2011, Executive Risk disclaimed coverage of the WCB action in a letter not available to Judy Balaban-Krauss, Robert Callaghan,

2

ERS 0003 006  15:44

Ronald Field, and Laura Donaldson.

14. Upon information and belief, on January 25, 2012, Executive Risk received notice of the Members' action.

15. On December 6, 2012, counsel for Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson received a copy of the Executive Risk policy pursuant to a court order in the WCB action.

16. By letter dated December 7, 2012, counsel for Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson requested in writing that Executive Risk affirm coverage of the insureds in the WCB action and the Member action. A copy of that letter is attached as Exhibit "5."

17. On page 4 of a letter dated January 9, 2013, to Jill Counihan at the New York State Association of Health Care Providers, Executive Risk acknowledges as follows:

> Please be advised that pursuant to the definitions in the Policy, this matter constitutes a Claim against the Association, HCP Resources, Phyllis Wang and the Trustees. In addition, the Initial Complaint and the Second Complaint are based on the same or related series of facts and as such are deemed to be a single Claim pursuant to Section IV(C)(2) of the Policy.

A copy of the letter is attached as Exhibit "6"

18. In the letter dated January 9, 2013, "Initial Complaint" refers to the WCB action and "Second Complaint" refers to the Members' action.

19. In the letter dated January 9, 2013, Executive Risk disclaimed coverage as follows:

> Paragraph (1) of Endorsement No. 24 states that no coverage will be available under this Policy for Loss for any Claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

3

ERS 8883 887 15:44

> (h) any commingling or mishandling of funds with respect to any Managed Care Activity or any Insurance Contract

Paragraph 2(b) of Endorsement No. 24 defines an Insurance Contract as any policy or agreement of insurance, reinsurance or indemnity, including, but not limited to, bonds, annuities, endowments, health care plans or health care products, dental plans or dental products, life insurance plans or life insurance products, disability plans or disability products, pension contracts and *risk management self-insurance programs, pools or similar programs,* and shall include any policy or program of stop loss or provider excess insurance, reinsurance or self-insurance. (Emphasis added).

This Claim is based upon, arising out of, directly resulting from and involving the alleged mishandling of funds with respect to a risk management self-insurance program, an Insurance Contract as defined by the Policy. As such, Paragraph (1)(h) of Endorsement No. 24 acts to preclude coverage of this matter.

The Policy provides that Loss means Defense Expenses, damages, judgments, settlements or other amounts which an Insured is obligated to pay as a result of a Claim. Therefore, please be advised that ERII will not defend or indemnify the insured for this matter.

20. Upon information and belief, the January 9, 2013, letter was prompted by the letter dated December 7, 2012, that is attached as Exhibit "5."

21. Upon information and belief, the January 9, 2013, letter was in response to the letter dated December 7, 2012, that is attached as Exhibit "5."

22. By letter to Executive Risk dated January 10, 2013, Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson once again requested that Executive Risk confirm coverage, stating that Executive Risk's construction of the definition of "Insurance Contract" is not the only reasonable one, and that under a reasonable construction, the exclusion would not apply to the acts and omissions of Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson as trustees of HCPSIT; and that even if one agreed with Executive Risk's construction, both the WCB action and the Members' action allege acts and omissions outside of

4

ERS 0003 008 15:44

the exclusion for "commingling or mishandling of funds." A copy of the letter dated January 10, 2013, is attached as Exhibit "7."

23.   By letter dated January 17, 2013, Executive Risk adhered to its disclaimer. A copy of the letter is attached as Exhibit "8."

24.   Under paragraphs I(A) and II(G) and (C) of the Policy, Executive Risk must pay "Defense Expenses" in excess of the applicable retention which an insured is obligated to pay as a result of a Claim.

25.   Under paragraph IV (A)(1) & (2) of the Policy, Executive Risk has no duty to defend Claims, but, upon written request by an Insured, Executive Risk must pay on a current basis Defense Expenses which are otherwise payable under the Policy, except to the extent that such Defense Expenses are being paid under the terms of any other policy or policies of insurance.

26.   Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson have incurred expenses in the defense of the WCB action and the Members' action in excess of the applicable retention.

27.   Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson will incur in the future expenses in the defense of the WCB action and the Members' action.

28.   The defense expenses of Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson are not being paid under any policy of insurance.

29.   Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson are not being indemnified by HCPSIT for their defense expenses.

30.   Executive Risk has refused to pay the defense expenses of Judy Balaban-Krauss,

ERS 0003 009 15:44

Robert Callaghan, Ronald Field, and Laura Donaldson.

31. Executive Risk's refusal to pay the defense expenses of Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson is wrongful.

32. Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson are entitled to payment by Executive Risk of their defense expenses to date, and of their future defense expenses on a current basis.

WHEREFORE, Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson respectfully request that this Court enter judgment declaring that Executive Risk has an obligation to pay their past defense expenses in the WCB action and the Members' action to the date of judgment, with interest, and to pay on a current basis their future defense expenses in the WCB action and the Members' action, and a judgment against Executive Risk for the amount of their defense expense to the date of judgment, together with interest, their costs, disbursements, and expenses, including attorneys' fees, in this action, and such other and further relief as to the Court may seem just and proper.

Dated: February 13, 2013

David R. Sheridan
Attorney for Plaintiffs Judy Balaban-Krauss, Robert Callaghan, Ronald Field, and Laura Donaldson
33 Grantwood Road
Delmar, NY 12054
(518) 475-0154
david@davidsheridan.com